1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FERNALD LAW GROUP LLP**
BRANDON C. FERNALD (BAR NO. 222429)
PAUL W. SANDE (BAR NO. 296357)
510 W. 6th St., Suite 700
Los Angeles, CA  90014
Telephone: (323) 410-0300
Facsimile:  (323) 410-0330
Email:      brandon@fernaldlawgroup.com
            paul@fernaldlawgroup.com

Attorneys for Plaintiff TAP WORLDWIDE, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAP WORLDWIDE, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ONYX SALES & MARKETING INC., a California corporation, JUSTIN ZEV, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.:<br>_____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT**<br>**(2) FALSE DESIGNATION OF ORIGIN**<br>**(3) FEDERAL TRADEMARK DILUTION**<br>**(4) COMMON LAW TRADEMARK INFRINGEMENT**<br>**(5) STATUTORY UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TAP Worldwide, LLC ("TAP Worldwide") alleges as follows:

## INTRODUCTION

1.     TAP Worldwide is a leading national and international manufacturer, distributor and retailer of aftermarket automotive and truck parts and accessories. TAP Worldwide and its predecessors have spent many years and a significant sum of money marketing and advertising the XRC mark in connection with aftermarket hardware for trucks and SUVs.  As a result, the XRC brand and trademark (the "XRC Mark") has come to be associated by the trade and consuming public alike with high quality, innovative products manufactured and supplied by TAP Worldwide and its affiliates, including Smittybilt ("Smittybilt").  Defendant Onyx Sales & Marketing Inc. and Justin Zev ("Defendants") recently began using "XRC" in connection with the marketing and sale of their own aftermarket SUV and truck parts and accessories. In so doing, Defendant has and is engaging in trademark infringement and unfair competition in violation of Federal and State law.

## THE PARTIES

2.     Plaintiff TAP Worldwide is a limited liability company organized under the laws of Delaware, with its principal place of business in Compton, California.

3.     Upon information and belief, Onyx Sales & Marketing Inc. is a corporation organized under the laws of California, with its principal place of business in Santa Ana, California.

4.     Upon information and belief, Justin Zev is, and at all times relevant was, a citizen of California residing in Newport Beach, California.

5.     TAP Worldwide is ignorant of the true names and capacities of the defendants sued in this Complaint as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names.  TAP Worldwide will amend this Complaint to allege the true names and capacities of the Doe defendants when ascertained. Each of the fictitiously named defendants is responsible in some manner

1  for the conduct alleged in this Complaint, and TAP Worldwide's damages are
2  actually and proximately caused by the conduct of such defendants.

3  **JURISDICTION AND VENUE**

4      6.    This Court has jurisdiction over the subject matter of this action under
5  15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and has supplemental
6  jurisdiction under 28 U.S.C. §§ 1367(a) over Plaintiff's state law claims.

7      7.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of
8  the events or omissions giving rise to the claim occurred in the Central District of
9  California.

10  **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11      8.    TAP Worldwide is a leading national supplier of automotive and off-
12  road parts and accessories headquartered in Compton, California.  Over several
13  decades, TAP Worldwide has created and/or acquired several unique lines of branded
14  products  including  ProComp  (www.procompusa.com)  and  Smittybilt
15  (www.smittybilt.com), to name only a few.

16      9.    TAP Worldwide has utilized the XRC Mark in interstate commerce,
17  continuously, since at least 2007, in conjunction with the marketing and sale of
18  aftermarket truck and SUV parts and accessories.  TAP Worldwide and its
19  predecessors have invested a significant sum of monies over the years advertising
20  and promoting the XRC Mark.

21      10.    TAP Worldwide is the owner of a federal trademark registration for the
22  XRC Mark, U.S. Reg. No. 3,541,089.  A true and accurate copy of the registration
23  certificate is attached hereto as <u>Exhibit A</u>.

24      11.    As a result of TAP Worldwide's and its predecessors' significant
25  investment in the XRC Mark, the XRC Mark has earned prominent brand recognition
26  and substantial good will.

27      12.    As a result of TAP Worldwide's and its predecessors' continuous use of
28

the XRC Mark over the past 8 years, the mark has obtained strong secondary meaning indicating source with respect to products and services in the aftermarket SUV and truck parts and accessories market.

13.    TAP Worldwide's registration is valid and enforceable pursuant to 15 U.S.C. § 1057.

## DEFENDANTS' INFRINGING ACTIVITIES

14.    Upon information and belief, Defendants sell aftermarket SUV and truck accessories and parts.

15.    In or about January, 2015 TAP Worldwide became aware of the fact that Defendants have been marketing and selling aftermarket automotive parts that are identical to parts sold by TAP Worldwide and identifying said parts as "XRC Style" parts.

16.    Defendants market and sell these so called "XRC Style" products on Ebay.com® and Amazon.com® as well as through their own e-commerce website called www.truckandwinch.com.

17.    Defendants had engaged in similar infringing activities in 2012 and as a result TAP Worldwide caused two cease and desist letters to be sent to Defendants in January 2012 and then May 2012 with respect to Defendant's infringing use of the XRC Mark.

18.    Thereafter, Defendants ceased use of the XRC Mark.

19.    However, Defendants are now once again employing the XRC Mark in connection with the marketing and sale of aftermarket SUV and truck accessories.

20.    Defendants' willful refusal to cease and desist their use of Plaintiff's trademarks or to take any other reasonable steps to avoid confusion necessitates that this lawsuit proceed.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement, 15 U.S.C. § 1114)

21.    TAP Worldwide realleges and incorporates by references the allegations contained in Paragraphs 1 through ___ as through fully set forth herein.

22.    Defendants' line of infringing products are marketed through the same channels of trade and to the same customers that TAP Worldwide sells its products.

23.    Defendants' improper use of the XRC Mark is likely to cause actual confusion or to cause mistake, or to deceive consumers as to the origin, sponsorship or approval of Defendants' products, or is likely to cause consumers to believe that Defendants and TAP Worldwide are somehow affiliated, connected or associated with each other when, in fact, they are not.

24.    Defendants' use of the XRC Mark is without the permission, license or authority of TAP Worldwide, and constitutes a use in commerce.

25.    Defendants were aware of TAP Worldwide's use of the XRC Mark in commerce when it engaged in said infringing activities, and did so in order to trade on and receive the benefit of the goodwill built up by TAP Worldwide and its predecessors at great labor and expense over many years.

26.    The acts of Defendants complained of herein constitute infringement due to false designation of origin, approval or sponsorship of the XRC Mark in violation of 15 U.S.C. § 1114.

27.    The acts of Defendants described herein have been willful and in bad faith, bringing this a case within the meaning of 15 U.S.C. § 1117(a).

28.    The acts of Defendants have caused irreparable injury to TAP Worldwide and to the trade and/or consuming public and, unless restrained by this Court, will continue to cause irreparable injury to TAP Worldwide and to the trade and/or consuming public.  There is no adequate remedy at law for this injury.

29.    TAP Worldwide has been damaged by the acts of Defendants in an amount to be proven at trial.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin, 15 U.S.C. § 1125(a))

30.    TAP Worldwide realleges and incorporates by reference the allegations contained in Paragraphs 1 through __ as though fully set forth herein.

31.    Defendants have deliberately and willfully exploited the goodwill that TAP Worldwide and its predecessors have accumulated in the XRC Mark by using them to sell a competing line of infringing products.  Defendants' use in commerce of the XRC Mark constitutes false designation of origin as their use is false and misleading to consumers, is likely to cause confusion, to cause mistake, and/or to deceive the trade and/or consuming public as to affiliation, connection or association of Defendants with TAP Worldwide.

32.     As a result of their acts as alleged herein, Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33.    The acts of Defendants described herein have been willful and in bad faith, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

34.    The acts of Defendants have caused irreparable injury to TAP Worldwide and to the trade and/or consuming public and, unless restrained by this Court, will continue to cause irreparable injury to TAP Worldwide and to the trade and/or consuming public.  There is no adequate remedy at law for this injury.

35.    TAP Worldwide has been damaged by the acts of Defendants in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### (Federal Dilution By Blurring, 15 U.S.C. § 1125(c))

36.    TAP Worldwide realleges and incorporates by reference the allegations contained in Paragraphs 1 through __ as though fully set forth herein.

37.    The XRC Mark is highly recognizable in the trade and amongst the consuming public and are thus famous and entitled to protection against dilution by blurring.

- 4 -

38.     The XRC Mark is inherently distinctive and has become synonymous with the sale of aftermarket automotive and truck parts and accessories through several years of use and millions of dollars in advertising.

39.     There is a high degree of similarity between the XRC Mark and the mark used by Defendants.

40.     Upon information and belief, Defendants have advertised, promoted and sold products under the XRC Mark, or similar variations thereof, and continues to do so, with the intent to create an association between itself and the XRC Mark.

41.     Defendants' actions have caused and will continue to cause confusion, to cause mistake, and/or to deceive the trade and/or consuming public as to affiliation, connection or association of Defendants with TAP Worldwide and/or as to origin, sponsorship, or approval of services provided by TAP Worldwide and Defendants, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

42.     The acts of Defendants described herein have been willful and in bad faith, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

43.     The acts of Defendant has caused irreparable injury to TAP Worldwide and to the trade and/or consuming public and, unless restrained by this Court, will continue to cause irreparable injury to TAP Worldwide and to the trade and/or consuming public.  There is no adequate remedy at law for this injury.

44.     TAP Worldwide has been damaged by the acts of Defendants in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**

**(Common Law Trademark Infringement)**

45.     TAP Worldwide realleges and incorporates by reference the allegations contained in Paragraphs 1 through __ as though fully set forth herein.

46.     The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of California.

- 5 -

47.     The acts of Defendants described herein have been willful and in bad faith.

48.     The acts of Defendants described herein have caused irreparable injury to TAP Worldwide and to the trade and/or consuming public and, unless restrained by this Court, will continue to cause irreparable injury to TAP Worldwide and to the trade and/or consuming public.  There is no adequate remedy at law for this injury.

49.     TAP Worldwide has been damaged by the acts of Defendants in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

### (Statutory Unfair Competition, Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

50.     TAP Worldwide realleges and incorporates by reference the allegations contained in Paragraphs 1 through __ as though fully set forth herein

51.     Defendants' conduct as alleged herein constitutes unfair competition in that such acts were and are unlawful, unfair, deceptive and/or fraudulent business acts or practices in violation of California Business & Professions Code §§ 17200, *et seq.*

52.     As a direct and proximate result of Defendants wrongful conduct, TAP Worldwide has suffered injury in fact, which injuries include damage to TAP Worldwide's goodwill and potential customers.  Defendants' conduct has also caused damage to the trade and/or consuming public.

53.     Defendants' wrongful conduct has proximately caused and will continue to cause TAP Worldwide substantial injury, including loss of potential revenues, dilution of goodwill, confusion of potential partners and customers, and diminution of the value of TAP Worldwide's products.

54.     The harm that Defendants' continued wrongful acts will cause to TAP Worldwide is both imminent and irreparable, and the amount of damage sustained by TAP Worldwide will be difficult to ascertain if the acts continue.  TAP Worldwide

1    has no adequate remedy at law.  TAP Worldwide is therefore entitled to an injunction

2    restraining Defendants, their agents, employees, and all persons acting in concert

3    with them from engaging in further such unlawful and wrongful conduct.

4                                    **JURY DEMAND**

5        55.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, TAP

6    Worldwide requests a jury trial of all issues that may be tried to a jury in this action.

7                                  **PRAYER FOR RELIEF**

8    WHEREFORE, TAP Worldwide prays for an Order and Judgment as follows:

9        1.    Defendants, its officers, agents, servants, employees, attorneys, and all

10   those persons in active concert or participation with them be preliminarily and

11   permanently enjoined from:

12              a.    Using the XRC Mark (or any variation thereof, whether alone or

13                    in combination with any other word(s) or element(s)), or any

14                    mark, name, domain name, or other designation which depicts,

15                    contains, or consists of any name or mark confusingly similar to

16                    the XRC Mark);

17              b.    Otherwise infringing on the XRC Mark;

18              c.    Causing actual confusion, a likelihood of confusion, injury to

19                    TAP Worldwide's goodwill, reputation, and proven business

20                    success, and/or dilution or blurring of the distinctiveness of the

21                    XRC Mark;

22       2.    An order, pursuant to 15 U.S.C. § 1118, requiring Defendants to

23   preserve through trial and then deliver to the Court for destruction, or show proof of

24   destruction of, any and all  Internet webpages / scripts / html code, articles, products,

25   labels, signs, prints, advertisements, signage, building design(s), packages, wrappers,

26   catalogs, internet web pages, and any other materials in its possession or control

27   bearing or depicting the XRC Mark (or any variation thereof, whether alone or in

28

combination with any other word(s) or element(s));

3.     An order requiring Defendants to take all steps necessary to cancel any state or local business registrations, including corporate name registrations and dba filings, that include any of the XRC Mark or amend those registrations to names that do not include any of the XRC Mark, and to remove any references to any business registrations, including corporate names and dba filings, that include the XRC Mark;

4.     An order requiring Defendants to retain and disclose all communications with all individuals and entities with whom they engaged in any transaction relating to or arising from the use of the XRC Mark names or marks, or otherwise in furtherance of the scheme alleged herein;

5.     An accounting be directed to determine the profits of Defendants resulting from the activities complained of herein, and that such profits be paid to TAP Worldwide, increased as the Court finds to be just under the circumstances of this case;

6.     An order directing Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve on TAP Worldwide within thirty (30) days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

7.     TAP Worldwide be awarded treble damages pursuant to 15 U.S.C. § 1117;

8.     TAP Worldwide be awarded its costs and fees related to this action, including but not limited to, reasonable attorney's fees;

9.     An order requiring Defendants to pay a judgment for enhanced damages under 15 U.S.C § 1117;

10.     TAP Worldwide be awarded prejudgment and post-judgment interest; and

11.     TAP Worldwide be granted such other and further relief, in law or in

- 8 -

equity, as the Court may deem just and proper.

DATED: February 18, 2015           **FERNALD LAW GROUP LLP**
                                   BRANDON C. FERNALD
                                   PAUL W. SANDE


                                   By:___*/s Brandon C. Fernald*_____

                                        BRANDON C. FERNALD

                                   Attorneys for Plaintiff
                                   TAP WORLDWIDE, LLC