BRANDON C. FERNALD (BAR NO. 222429)
*brandon@fernaldlawgroup.com*
PAUL W. SANDE (BAR NO. 296357)
*paul@fernaldlawgroup.com*
**FERNALD LAW GROUP LLP**
510 W. 6th St., Suite 700
Los Angeles, CA  90014
Telephone: (323) 410-0300
Facsimile:  (323) 410-0330

Attorneys for Plaintiff
TAP MANUFACTURING, LLC          [CLOSED]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAP WORLDWIDE, LLC, a Delaware limited liability company,<br><br>                    Plaintiff,<br><br>     v.<br><br>ONYX SALES & MARKETING, INC., a California Corporation, JUSTIN ZEV, an individual, and DOES 1-10, inclusive,<br><br>                    Defendants. | CASE NO. 2:15-cv-01183-DDP-JPR<br><br>Honorable Dean D. Pregerson<br><br>**ORDER RE STIPULATED PERMANENT INJUNCTION AND ORDER OF DISMISSAL** |

It is hereby stipulated by and among Plaintiff TAP Worldwide, LLC ("TAP Worldwide") and Defendants Onyx Sales & Marketing, Inc. and Justin Zev (collectively referred to herein as "Defendants") that the following Permanent Injunction ("Injunction") and Order of Dismissal be entered by the Court, premised upon the following:

1. The Court has jurisdiction over the parties and the subject matter at issue in this action and will retain said personal and subject matter jurisdiction for the purposes of enforcing this injunction;

2. The term "TAP Marks" refers to the trademarks "POISON SPYDER CUSTOMS," "SMITTYBILT," "SRC," and "XRC" as well as any trademarks confusingly similar thereto;

3. The TAP Marks are valid and distinctive, and are owned by TAP Worldwide;

4. TAP Worldwide filed the herein lawsuit against Defendants pursuant to 15 U.S.C. §§ 1114, 1125(a) & (c), California common law, and Cal. Bus. and Prof. Code § 17200 alleging that Defendants were engaging in the unauthorized use of the TAP Marks in connection with the marketing and sale of their own aftermarket SUV and truck parts and accessories.

5. At present, Defendants have been marketing and selling aftermarket SUV and truck parts and accessories that TAP Worldwide contends are identified by the TAP Marks on E-Commerce websites including, but not limited to, Ebay.com®, Amazon.com®, Craigslist.org®, Sears.com®, tuffstuff4x4.com, as well as through their own E-Commerce website called www.truckandwinch.com (collectively, the "E-Commerce Websites")

6. Entry of a permanent injunction will achieve the purpose of the Lanham Act and California state and common law.

DOCUMENT PREPARED
ON RECYCLED PAPER

Based upon the stipulation of the Parties and finding good cause therefor, the Court hereby **ORDERS**:

7. Defendants along with their agents, servants, employees, representatives, successors and assigns, and all those persons or entities acting in concert or participation with them who receive actual notice of this Order, shall be and hereby are PERMANENTLY ENJOINED and RESTRAINED from:

8. Using any of the TAP Marks, or any other trademark that is confusingly similar to the TAP Marks, or any derivation thereof, for any purpose in commerce;

9. Engaging in any course of conduct with respect to any of the TAP Marks that is likely to mislead the public into believing that Defendants are affiliated with or otherwise connected to TAP Worldwide, including but not limited to the following:

    a. Engaging in any course of conduct with respect to any of the TAP Marks that is likely to mislead the public into believing that the products marketed and/or offered for sale by Defendants are licensed, sponsored, authorized, or otherwise approved by TAP Worldwide;

    b. Using the TAP Marks in connection with the marketing and sale of Defendants own aftermarket SUV and truck parts and accessories on any E-Commerce Website; or

    c. Engaging in any other activity constituting infringement of any of the TAP Marks.

**ADDITIONAL TERMS:**

10. **Future Claims Unaffected.** Nothing in this Stipulated Permanent Injunction and Order of Dismissal precludes TAP Worldwide from asserting any claims or rights that arise solely after entry of this Stipulated Permanent Injunction and Order of Dismissal or that are based upon any breach of, or the inaccuracy of,

DOCUMENT PREPARED ON RECYCLED PAPER

any representation or warranty made by Defendants in this Stipulated Permanent Injunction and Order of Dismissal or the settlement agreement reached by the Parties. Upon proof of any violations by Defendants of the provisions of this Permanent Injunction, the Court shall be authorized to award appropriate relief.

11. **Non-Appealability.** This Stipulated Permanent Injunction and Order of Dismissal is final and may not be appealed by either party.

12. **Fed. R. Civ. P. 65.** This Stipulated Permanent Injunction applies to and binds all parties who are in active concert or participation with Defendants who receive actual notice of this Order as provided in Fed. R. Civ. P. 65(d). Defendants waive any objection under Fed. R. Civ. P. 65.

13. **Notice Obligation**. Defendants are under a duty to provide actual notice to all persons who may be obligated under the terms of this Stipulated Permanent Injunction. The failure on the part of the Defendants to give actual notice to their agents, servants, employees, representatives, successors and assigns, and all persons or entities acting in concert or participation with them will result in Defendants being liable for any violations of this Stipulated Permanent Injunction.

14. **Survival.** This Stipulated Permanent Injunction and Order of Dismissal shall bind Defendants and their agents, servants, employees, representatives, successors and assigns, and all those persons or entities acting in concert or participation with them who receive actual notice of this Order.

15. **Waiver of Appeal.** TAP Worldwide and Defendants waive any right to appeal the entry of this Stipulated Permanent Injunction.

16. **Consent.** Defendants affirm that their respective consent to this Stipulated Permanent Injunction is given freely and voluntarily, and after having had the opportunity to seek legal counsel.

17. **Dismissal.** TAP Worldwide's claims against Defendants are hereby dismissed with prejudice and without costs to either Party, except the Court shall

1  retain jurisdiction to enforce this Stipulated Permanent Injunction and Order of
2  Dismissal and the Settlement Agreement between the parties.

3        18.  **Attorney's Fees**.  In the event that TAP Worldwide brings any action
4  to enforce a material term or condition of this Stipulated Permanent Injunction, then
5  the party in whose favor judgment shall be entered shall be entitled to have and
6  recover from the disputing party, severally and not jointly, any and all costs and
7  expenses, including attorneys' fees, incurred in such action.  The Court shall be
8  authorized to award damages and any other relief that the Court deems proper.

**IT IS SO ORDERED.**

Dated:  December 02, 2015

*[signature: Dean D. Pregerson]*

      Hon. Dean D. Pregerson
UNITED STATES DISTRICT JUDGE